## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TIMOTHY W. CLAY,              )
)
         Petitioner,        )
)
vs.                           )      Case Number CIV-17-502-C
)
JANET DOWLING, Warden,    )
)
         Respondent.     )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed the present action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court convictions. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bernard M. Jones. Judge Jones entered a Report and Recommendation ("R&R") on May 30, 2017, recommending the Petition be dismissed. Petitioner has timely objected.

After review of Petitioner's pleadings, it is clear that the relief sought here is identical to the relief sought in an earlier habeas petition. See Clay v. Jones, CIV-11-1108-C. The earlier case was dismissed as time barred. Thus, the Court must treat the present filing as a second habeas petition under 28 U.S.C. § 2244. Because Petitioner did not obtain the required permission from the Tenth Circuit prior to filing here, the matter may be transferred to the Tenth Circuit. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631."). In the alternative, the Court may dismiss the action for lack of jurisdiction. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Under the circumstances present here, the undersigned finds

that dismissal is the appropriate action. As noted by Judge Jones, the claims raised by Petitioner in the present action are, in part, identical to those raised in the earlier case. To the extent Petitioner raises new claims, he offers no persuasive argument to overcome the time bar.

Petitioner has failed to offer any evidence demonstrating equitable tolling should apply. "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). To be sure, Petitioner argues he has newly discovered evidence about his trial attorney's ineffectiveness. However, he raised that claim in the earlier case and all of the evidence he now relies on was available at that time. Petitioner has failed to demonstrate he exercised diligence in obtaining the "new" evidence.

Accordingly, the Court ADOPTS, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 7). Because Petitioner's claim is clearly time barred, the Court finds dismissal rather than transfer is the proper disposition for this § 2254 action. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED. A judgment will enter accordingly.

IT IS SO ORDERED this 29th day of June, 2017.

_____
ROBIN J. CAUTHRON
United States District Judge